816 F.2d 679
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
* Raul FELICIANO, Jr., Richard Rojas, Plaintiffs-Appellees,
v.
CITY OF CLEVELAND; et al., Defendants,
William T. Hanton, Sgt. Lloyd Bratz, Sgt. William Bartley,
Lt. Glen Groudel, Sgt. Ronald James, Reginald M.
Turner, Defendants-Appellants.
 No. 86-3436.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1987.
 
 Before ENGEL, KRUPANSKY and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Individual defendants, various city officials and police officers of the City of Cleveland, appeal the denial of their motion to dismiss so much of an action brought by the plaintiffs pursuant to 42 U.S.C. Sec. 1983 as charged them with personal liability and damages for their role in requiring the taking and testing of urine samples from police trainees in connection with eligibility for City employment. The samples were allegedly sought to determine whether the plaintiffs and other trainees had ingested unlawful drugs and hence for that reason might be disqualified from continuing their training.
 
 
 2
 Individual defendants moved for dismissal, or alternatively for summary judgment, on the ground that they are entitled to qualified immunity because they could not reasonably have concluded that their conduct would violate the trainees' constitutional rights. The major issue underlying the availability of a qualified immunity defense was whether the conduct, request for and testing of urine samples followed by plaintiffs' resignation, violated clearly established law. Plaintiffs also argue that the district judge's denial of individual defendants' motion was not "final action" and thus is not appealable to this court; they characterize defendants' motion as a request for summary judgment.
 
 
 3
 The order actually appealed from was the district judge's marginal entry of denial of a combined motion for dismissal and summary judgment made by the defendants under Rules 12(b)(6) and 54(d) respectively. While the order made appears in some manner at least to have been entered informally, it did in fact require the defendants to continue to submit to discovery without the benefit accorded them under Mitchell v. Forsyth, 472 U.S. 511, 526 (1985), of determining whether under the pleadings they were entitled to dismissal as to their own liability without being subjected to such discovery. While presumably discovery might have been appropriate as to the liability of the City of Cleveland, and while the individual defendants do not claim that they should be free from being subjected to discovery in connection with the suit against the City, nonetheless we conclude that the entry of the marginal order was final insofar as it disposed of defendants' right to an early determination of the immunity issue. See Kennedy v. City of Cleveland, 797 F.2d 297 (6th Cir.1986).
 
 
 4
 In their appeal to this court and in their argument before us, appellants have asserted only that they are immune from personal liability for damages arising from the mandated urine testing allegedly violative of plaintiffs' rights under the Fourth Amendment to the United States Constitution. Appellants claim that on the date of the event in question, their conduct was not clearly established as having been violative of any rights of the plaintiffs under the Fourth Amendment, and further that defendants could not reasonably have known that such conduct was so violative as to deprive them of immunity, it being undisputed that they were acting in the course of their employment and under color of state law. We agree. Plaintiff has not come forth with any authority in this circuit or other authority to which defendants have been amenable, which would clearly have apprised them that their conduct infringed Fourth Amendment rights. Therefore, under Harlow v. Fitzgerald, 457 U.S. 800 (1982) and cases cited therein, defendants were immune from personally responding in damages.
 
 
 5
 As Mitchell v. Forsyth makes clear, our determination does not affect in any way the right of the plaintiffs to pursue the remainder of their claims against these defendants or against the City of Cleveland. We only hold that the trial judge was obliged to determine upon the motion made by the defendants that they were immune from personal liability in damages for any claim of violation of Fourth Amendment rights arising from the mandated urine testing.
 
 
 6
 REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 Opinion on remand, 661 F.Supp. 578